<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                          )
ANDRE LEWIS                                   )
                                                          )
                          Plaintiff,              )
                                                          )
v.                                                       )        Civil Action No. 07-1592 (GEB)
                                                          )
                                                          )        **MEMORANDUM OPINION**
P. WILLIAMS, et al.,                         )
                                                          )
                                                          )
                          Defendants.        )
_____)

**<u>BROWN, Chief Judge</u>**

**I.        BACKGROUND**

This matter comes before the Court upon the motion of P. Williams, L. Viton, S. Alaimo, A. Denger, D'Amore, P. Lampitt, J. Liik, , G. Carbonaro and G. Mandara (collectively "Defendants") for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 74). The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, will deny the Defendants' motion.

   **A.        Facts**

This case arises out of the alleged beating of Andre Lewis ("Plaintiff") while incarcerated at New Jersey State Prison ("NJSP") on March 29, 2005. The Defendants were corrections officers at NJSP at the time of the alleged beating. The facts surrounding the event are more fully detailed in this Court's opinion dated April 21, 2008 (Dkt. No. 45). No updates to the facts

have been given by either party in their briefs.

      **B.**    **Procedural History**

The Plaintiff filed the original Complaint in this case pursuant to 42 U.S.C. § 1983 on April 2, 2007. On August 1, 2007 the Plaintiff filed a separate action against a second group of senior corrections officers before the Honorable Joel A. Pisano, U.S.D.J. (Civ. No. 07-3663).

On October 31, 2007, the Defendants in the original action filed a motion to dismiss and a motion for summary judgment (Dkt. No. 29), which was granted in part and denied in part. (Dkt. No. 45). On November 7, 2007, the Defendants in the companion case filed a similar motion before Judge Pisano (Dkt. No. 15; Civ. No. 07-3663) with similar results. (Dkt. No. 29, Civ. No. 07-3663). On September 10, 2008, the two cases were consolidated into the present action.

On July 24, 2009, the Defendants' filed the instant motion for summary judgment. The matter was fully briefed on September 21, 2009.

**II.**    **ANALYSIS**

      **A.**    **Defendants' Motion is an Improper Motion for Reconsideration**

The brief that the Defendants submit is quite literally the same two motions that were previously adjudicated by this Court and by Judge Pisano before the two cases were consolidated, mashed into one document and resubmitted to this Court. The Defendants do not make reference to a single new fact, nor do they present any new arguments. The present motion is copied nearly verbatim from the two previous motions, and the Defendants raise the same seven arguments as they did in the two previous motions. As the Defendants have submitted absolutely nothing new by way of evidence, theory, defense, or change of circumstances within this present motion for

2

summary judgment, there is absolutely nothing for this Court to reconsider or decide.

Because the present motion only makes arguments that have already been adjudicated, this motion must be treated as a motion for reconsideration of those previous two summary judgment motions. Defendants' have not timely moved for reconsideration of either of those decisions pursuant to Federal Rule of Civil Procedure 59(e) and L. Civ. R. 7.1(i). "Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court." *Jackson v. Chubb Corp.*, 2001 U.S. Dist. LEXIS 4684 (D.N.J. Mar. 21, 2001) (Brown, J.) *aff'd* 36 Fed. Appx. 704 (3d Cir. 2002).

The Court has already decided this motion, and declines to do so again.

### III. CONCLUSION

For the reasons stated herein, the Defendants' motion for summary judgment (Dkt. No. 74) is DENIED. An appropriate form order is filed herewith.


Dated: November 23rd , 2009

                                          s/ Garrett E. Brown, Jr.
                                         GARRETT E. BROWN, JR., U.S.D.J.